CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 14 2014

JULIA C. DUDLEY, CLERK
BY:
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

MALCOLM MUHAMMAD,  )
                   )
    Plaintiff,     )   Civil Action No. 7:13cv578
                   )
v.                 )
                   )   **MEMORANDUM OPINION**
                   )
C/O SMITH,         )
ET AL.             )   By: Samuel G. Wilson
                   )   United States District Judge
                   )
    Defendants.    )

Plaintiff Malcolm Muhammad, a Virginia inmate proceeding *pro se in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343, alleging that his personal property was either damaged or stolen during certain searches of his prison cell and that such actions violate his constitutional rights. Muhammad seeks declaratory and injunctive relief, as well as damages. The court finds that Muhammad's allegations fail to state a plausible claim for relief and, therefore, dismisses his action pursuant to 28 U.S.C. § 1915(e)(2).

I.

Muhammad is an inmate at the Red Onion State Prison in Virginia, serving sentences for his murder and robbery convictions. Muhammad alleges that on three occasions his prison cell was searched, and afterwards, his personal property was either damaged or stolen. The first search occurred on November 26, 2013, after which a box of saltine crackers and a bag of cookies were missing. The second search occurred on December 4, 2013, after which a bottle of prayer oil was missing and over 500 pages of his legal documents were scattered across the

prison floor and damaged by pickle juice and grape jelly which had been poured on them.[1] Finally, the third search occurred on December 10, 2013, after which six (6) brand new batteries were missing.

Muhammad filed three informal complaints with the prison corresponding with the three incidents. On January 31, 2014, Red Onion Building Supervisor Lambert met with Muhammad regarding his informal complaints. According to Muhammad, Lambert promised to replace the items which had been lost if Muhammad withdrew his complaint. Muhammad subsequently withdrew his "cookie and cracker" complaint, and Lambert provided Muhammad with certain unnamed items. ECF No. 27-2 at 2-5. However, Lambert allegedly did not replace the prayer oil, all of the batteries (replacing only four), or the legal documents. Muhammad thus proceeded through the prison's grievance procedures with regards to his "legal document" and "battery" complaints. Unhappy with their resolution, Muhammad has petitioned this court for relief,[2] naming Correctional Officer Smith (who allegedly once threatened to kill him and was involved in all three searches) and various other prison staff with supervisory authority as personally liable.[3]

II.

Muhammad alleges that the vandalism or theft of his personal property (or deliberate indifference thereto) violated his constitutional right to due process. "[A]n unauthorized [negligent or] intentional deprivation of property by a state employee does not constitute a

---

[1] Muhammad also allegedly lost Mr. Dash seasoning salt and multi-vitamins that were poured out on the documents.
[2] Muhammad has filed numerous pleadings and motions, including the most recent on March 11, 2014, which the court also considered in preparing this opinion.
[3] In addition to Smith, Muhammad names Harold W. Clarke (Director of the Virginia Department of Corrections), Robert Mathena (Warden of Red Onion State Prison), Younce (Unit Manager of Red Onion State Prison), and Lambert (Building Supervisor assigned to Red Onion State Prison) as ultimately responsible for his constitutional deprivations.

violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984); see Foley v. Fix, 106 F.3d 556, 557 (4th Cir. 1997) (affirming district court's dismissal of Virginia prisoner's property claims as frivolous); Teal v. Braxton, 2006 WL 467985, at *9 (W.D. Va. Feb. 24, 2006). When property damage or deprivation results from the unauthorized act of a state employee, due process is satisfied by the availability of state tort remedies. Id. at 533. Post-deprivation tort remedies are available for property loss claims under Virginia state law. See, e.g., Va. Code Ann. § 8.01-114 (2013). Therefore, because Muhammad has Virginia tort remedies available to him, it is clear that he cannot prevail in a constitutional claim for property loss in this case. The court will dismiss Muhammad's due process claims pursuant to § 1915(e)(2) for failure to state a plausible claim for relief and as frivolous.

III.

Muhammad also alleges that by "ransacking" his prison cell, Defendants created "unsafe conditions" in violation of the Eighth Amendment protection against cruel and unusual punishment. In order to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege facts demonstrating that he was deprived of a basic human need that was objectively "sufficiently serious" and that defendants acted with a subjectively "culpable state of mind" in regards to the conditions. Wilson v. Seiter, 501 U.S. 294, 298 (1991). That is, "'there must be evidence of a *serious medical and emotional* deterioration attributable to' the challenged condition." Strickler v. Waters, 989 F.2d 1375, 1380 (4th Cir. 1993) (quoting Lopez v. Robinson, 914 F.2d 486, 490 (4th Cir. 1990)) (emphasis in original). "If a prisoner has not suffered serious or significant *physical or mental injury* as a result of the challenged condition, he simply has not

3

been subjected to cruel and unusual punishment within the meaning of the Amendment." Id. at 1381 (emphasis added). Here, Muhammad fails to plead any facts indicating that he has suffered serious or significant physical or mental injury as a result of the alleged threat to his personal safety (caused by Correctional Officer Smith's actions). Accordingly, the court also dismisses Muhammad's Eighth Amendment claims pursuant to § 1915(e)(2) for failure to state a plausible claim for relief.

IV.

For the reasons stated, the court dismisses Muhammad's complaint pursuant to § 1915(e)(2).

**ENTER:** March 14, 2014

UNITED STATES DISTRICT JUDGE